IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3044-FL

| | | |
|---|---|---|
| JERRY WAYNE SHEPPARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SARA REVELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the motion to dismiss (DE # 14) filed by defendants the United States Probation Office ("defendant USPO"), Sara Revel ("defendant Revel"), Karen Bernardo ("defendant Bernardo"), Greg Norton ("defendant Norton"), Tammy Jackson ("defendant Jackson"), Liz Lindsey ("defendant Lindsey"), Jodi L. Zaruba ("defendant Zaruba"), James Johnston ("defendant Johnston"), and the Federal Bureau of Prisons ("defendant BOP"). Also before the court is plaintiff's motion to amend (DE # 21). The issues raised are ripe for review. For the following reasons, the court grants defendants' motion to dismiss and denies plaintiff's motion to amend.

### STATEMENT OF THE CASE

On March 5, 2009, plaintiff filed this *pro se* complaint pursuant to the Privacy Act, 5 U.S.C. § 552a, against defendants. On September 4, 2009, defendants filed a motion to dismiss plaintiff's action, arguing that plaintiff's claims against defendants Revell, Bernardo, Norton, Jackson, Lindsey, Zaruba, and Johnston are barred pursuant to the doctrine of sovereign immunity. Defendants BOP and USPO argue that plaintiff's claims against them should be dismissed for failure to state a claim

upon which relief may be granted. On October 22, 2009, plaintiff filed a response to defendants' motion. Finally, on October 29, 2009, plaintiff filed a motion to amend his complaint.

## STATEMENT OF FACTS

On June 30, 1995, plaintiff was convicted of one count of conspiracy to distribute and possess with the intent to distribute marijuana and cocaine, in violation of 18 U.S.C. § 846. See United States v. Sheppard, No. 5:94-CR-122-F (E.D.N.C. June 30, 1995). On September 26, 1995, the sentencing court conducted a sentencing hearing. Id. At sentencing, the court adopted the findings and recommendations of the United States Probation Officer as set forth in the Presentence Report ("PSR"). (See Compl. p. 3.) The Probation Officer's recommendation was based upon a total offense level of thirty-two and a criminal history level of IV. (Id.) Plaintiff's resulting guideline range was one hundred and sixty-eight to two hundred and ten months imprisonment. (Id.) Plaintiff's criminal history level was calculated using two prior state court convictions for which one criminal history point each was assigned. (Id.) The two convictions were as follows: (1) a 1992 conviction for uttering a worthless check; and (2) a 1994 conviction for criminal contempt. (Id.) Plaintiff was sentenced to a term of two hundred and ten months imprisonment. Id.

Plaintiff states that on September 8, 2003, he discovered that the Harnett County Superior Court had modified the sentence he received for his criminal contempt conviction. (Id.) Plaintiff further states that the superior court vacated fifteen days of his thirty day jail sentence. (Id.) Plaintiff contends that the criminal history point imposed for this conviction pursuant to U.S.S.G. §§ 4A1.2(c)(1) and 4A1.1(c) no longer was applicable. (Id.)

2

Plaintiff states that on December 3, 2003, he discovered that the Johnston County Superior Court vacated his conviction for uttering a worthless check. (Id.) Plaintiff states that the criminal history point he received for this conviction pursuant to U.S.S.G. § 4A1.1(c) no longer was applicable. (Id.) Plaintiff now is before this court pursuant to 5 U.S.C. § 552a(e)(5) of the Privacy Act, seeking monetary damages. Plaintiff also asks this court to remove or correct the alleged inaccurate information contained in his PSR.

## DISCUSSION

I.  Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15, a petitioner may amend a pleading before trial as a matter of course within fifteen days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, a party must have leave of court to amend his complaint. "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962); see Fed. R. Civ. P. 15(a). Plaintiff filed his motion to amend more than twenty-one days after defendants served their responsive pleading. Accordingly, plaintiff must have leave of court to amend his complaint.

Plaintiff seeks to amend his complaint to substitute the United States as a party for defendants Revel, Bernardo, Norton, Jackson, Lindsey, Zaruba, and Johnston. The United States is not a proper party in an action brought pursuant to the Privacy Act. See Petrus v. Bowen, 833 F.2d 581, 582 (5th Cir. 1987); Mumme v. U.S. Dep.'t of Labor, 150 F. Supp.2d 162, 169 (D. Me. 2001) (explaining "a [plaintiff] bringing a Privacy Act claim must bring a suit against a particular agency, not the entire United States."). Should this court allow plaintiff to amend his complaint to include the United States as a party to this action, his claim would be dismissed for failure to state a claim upon which relief may be granted. Therefore, amendment is futile, and plaintiff's motion to amend is DENIED.

IV. Motion to Dismiss

A. Standard of Review

Defendants' motion to dismiss is based upon Federal Rule of Civil Procedure 12(b)(1), lack of subject matter jurisdiction, and Federal Rule of Civil Procedure 12(b)(6), failure to state a claim upon which relief can be granted. Under Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When the Rule 12(b)(1) motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are assumed to be true and the plaintiff is afforded the same protections he would receive under a Rule 12(b)(6) motion. Adams, 697 F.2d at 1219. The Rule 12(b)(1) motion may attack alternatively the existence of subject matter jurisdiction in fact, apart from the complaint. Id. This type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va.

1996) (citing Mortensen v. First Fed. Sav. And Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977)); Adams, 697 F.2d at 1219. Because the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Adams, 697 F.2d at 1219.

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, § 1356 (1990)). It is not necessary, however, for the moving party to demonstrate that there is no set of facts which would entitle the non-moving party to relief. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). Rather, an adequately stated claim must be supported by showing any set of facts consistent with the allegations in the complaint in order to survive a motion to dismiss. Id. A court should not dismiss a complaint that states a claim, even if it appears that the chance of recovery is remote. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe allegations in the complaint as true and taken in the light most favorable to the plaintiff. Republican Party, 980 F.2d at 952.

    B.    Analysis

        1.    Sovereign Immunity

The Privacy Act requires that an agency "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and

completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). The Privacy Act permits an individual to request an amendment to a record pertaining to him and requires the agency either to promptly correct the record or to explain its reasons for refusing to amend. Id. § 552a(d)(2). An individual may bring a civil action if the agency declines to amend the record or fails to maintain accurate records and the plaintiff suffers an adverse determination as a result of the agency's decision. Id. § 552a(g)(1)(C). A plaintiff can recover monetary damages if the agency's conduct was intentional or willful. Id. § 552a(g)(4).

Unlike Bivens, which authorizes private civil actions against individual persons, the Privacy Act only authorizes actions against an agency. See id. § 522a(g)(1)(C); Bivens, 403 U.S. at 390-98. Defendants Revel, Bernardo, Norton, Jackson, Lindsey, Zaruba, and Johnston are individuals, and not agencies. Thus, plaintiff's action against them is DISMISSED pursuant to the doctrine of sovereign immunity.

2. Failure to State a Claim Upon Which Relief May be Granted

Plaintiff alleges a claim, pursuant to the Privacy Act, against the BOP, challenging the accuracy of his PSR. The Privacy Act allows certain government agencies to promulgate regulations that "exempt any system of records within the agency from any part of [the Act,]" excepting certain subsections unrelated to this action. See 5 U.S.C. § 552a(j). The BOP's Inmate Central Records System is expressly exempt from the accuracy, the amendment, and the remedy provisions of the Privacy Act. See 28 C.F.R. § 16.97(j) (exempting inmate "central records" from accuracy requirement of § 552a(e)(5)); 28 C.F.R. § 16.97(a)(4) (exempting inmate "central records" from amendment provision of § 552a(d)(2) and remedy provision of § 552a(g)); Parks v. Bureau of

6

Prisons, 2006 WL 771718, at *1 (W.D. Va. Mar. 23, 2006) (report of inmate's escape attempt exempt from Privacy Act). PSR's are part of the Inmate Central Records, and thus are exempt from the Privacy Act. Jackson v. Federal Bureau of Prisons, 657 F. Supp. 2d 176, 178 (D.D.C. 2009). Accordingly, plaintiff's claim pursuant to the Privacy Act against the BOP is DISMISSED for failure to state a claim upon which relief may be granted.

The court next addresses plaintiff's Privacy Act claim against the USPO. The Privacy Act only applies to federal agencies. 5 U.S.C. § 552a(g)(1). Privacy Act defines the term "agency" as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency. . . ." 5 U.S.C. § 552(f). The USPO is an arm of the judiciary. See Jefferson v. Federal Bureau of Prisons, 657 F. Supp.2d 43, 47 (D.D.C. 2009). Courts of the United States are expressly excluded from the definition of "agency" under the Privacy Act. 5 U.S.C. § 551(1)(B). Thus, the USPO is not a proper party for a claim pursuant to the Privacy Act, and plaintiff's claim against the USPO is DISMISSED for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend (DE #21) is DENIED as futile. Defendants' motion to dismiss (DE #14) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 16th day of September, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge